**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No. 25-MJ-00201** |
| **MICHAEL DAVID TAYLOR,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant, Michael David Taylor, be detained pending trial. The government seeks the defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). Because of the charged offense, "a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure the safety or any other person and the community." 18 U.S.C. § 3142(e)(2).

### FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2025, at about 8:45pm, officers with the Metropolitan Police Department and other Federal Law Enforcement agencies were traveling in the 1400 block of Howard Road SE when they observed a vehicle travelling at a high rate of speed and attempted to contact the vehicle. The drive of the vehicle attempted to flee from them as the officers gave pursuit leading to the parking lot of an apartment building at 2850 Douglas Place SE.

There, law enforcement officers observed the driver, later identified as Michael Taylor, the defendant, exit the vehicle and flee on foot through the parking lot. As the defendant was running, law enforcement saw him discard a firearm over a fence. The defendant was arrested shortly after, and the firearm, a black Glock 30 Gen 5, serial number CCRV225, was recovered

1

from the other side of the fence.  The firearm was loaded, with one round in the chamber and

eight rounds in the magazine and was later determined to have been reported stolen in 2024.

The defendant was not permitted to lawfully possess the firearm.  A records check

revealed that the defendant did not have a concealed carry permit.

More concerning is that the defendant is not permitted to possess a firearm due to his

criminal history.  In DC Superior Court case 2009 CF3 008596, the defendant was convicted and

sentenced on October 19, 2010, for the following offenses:

| **Criminal Offense** | **Sentence** |
|---|---|
| Count 3: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, consecutive to counts 4, 5, 6, 7, |
| Count 4: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 5: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 6: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 7: Assault with Significant Bodily Injury | 24 months, with 3 years of supervised release, |
| Count 10: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 11: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 12: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 13: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 14: Carrying a Pistol Without a License - Outside Home/Business | 28 months, with 3 years supervised release, concurrent with counts 15, 16, 17, 18, 19, |
| Count 15: Possession of Unregistered Firearm | 1 year |
| Count 16: Unlawful Poss Ammunition | 1 year |
| Count 17: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 18: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 19: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 20: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, concurrent with counts 21, 22, 23 |

2

| Count 21: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, |
|---|---|
| Count 22: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, |
| Count 23: Flee Law Enforcement Officer | 24 months, with 3 years of supervised release, concurrent with all others |
| Count 24: Reckless Driving | 90 days |
| Count 25: Carrying a Pistol Without a License - Outside Home/Business | 28 months, 3 years supervised release |
| Count 26: Possession of Unregistered Firearm | 1 year |
| Count 27: Unlawful Poss Ammunition | 1 year |
| Count 28: Possession of a Controlled Substance (Marijuana) - Misdemeanor | 30 days |

In total, the defendant received a sentence of 240 months (20 years) of incarceration in 2009 CF3 8596. However, on July 18, 2025, following his petition to reduce his sentence under the Incarceration Reform Amendment Act (IRAA), D.C. Code § 24-403.03, the remainder of defendant's sentence was suspended upon the successful completion of five years of probation. The defendant was released from the Bureau of Prisons as of July 23, 2025. Notably, on the same day, the defendant acknowledged receipt of a Gun Offender Registration and Certification Order.

The defendant allegedly possessed the stolen firearm in this case only 41 days after his release from prison.

## **LEGAL STANDARD**

The Bail Reform Act requires pretrial detention where a court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Additionally, "In a case described in subsection (f)(1), of this section, a rebuttable presumption arises that no conditions or combination of conditions will reasonably assure the safety or any other person and the community." 18 U.S.C. § 3142(e)(2). In making that determination, a court must consider "(1)

the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g).

## ARGUMENT

A.    Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense weigh heavily in favor of detention. The defendant was apprehended after fleeing on foot away from his car after leading law enforcement on a chase. While fleeing, law enforcement saw him discard a loaded, illegal firearm over a fence. As numerous courts have found, "carrying a loaded firearm . . . has the great potential to escalate into violence." *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020).

In addition to the defendant's illegal firearm the Court should also consider the potential penalty he faces upon conviction for the offense charged. A violation of 18 USC 922(g) carries the potential of up to 10 years imprisonment, which further highlights the seriousness of the offense. Pre-Trial Services has concluded that there are no condition or combination of conditions that can reasonably assure the defendant's appearance or the safety of the community, *see* Pre-Trial Services Report at 1. Lastly, as discussed above and in more detail, the defendant has prior felony convictions for crimes of violence.

B.    Weight of the Evidence

The evidence against the defendant weighs in favor of detention. The defendant was observed fleeing on foot away from his car after leading law enforcement on a chase. Law enforcement saw him discard the loaded, illegal firearm over a fence. The evidence against the defendant is compelling.

C.     History and Characteristics of the Defendant

The defendant has prior convictions for *inter alia* Assault with a Dangerous Weapon (pistol) and Assault with Significant Bodily Injury.  According to the PSR and police reports in the prior case, on April 7, 2009, the defendant shot a woman in the back outside her home, while she walked with several of her relatives, including children.  Seven shell casings were recovered on scene.  The defendant was later identified through a photographic lineup by the victim.  Days later, police attempted to conduct an unrelated traffic stop on a car being driven by the defendant, but the defendant again led police in a chase and he ultimately crashed the car on Suitland Parkway and fled on foot before being apprehended in possession of a pistol.

The defendant is 32 years old, having spent the last 15 years of his life incarcerated.  Based on the information in the pretrial report, he has had numerous contacts with law enforcement dating back to 2006.

D. Nature and Seriousness of the Danger to Any Person or the Community

The nature and seriousness of the danger to any person or the community that the defendant's release poses also strongly support pretrial detention.  The nature of the charged offense while being armed with a loaded firearm and his history of criminal conduct demonstrates that his conditional release would pose a danger to the community and that there is a high risk of noncompliance with the court. On September 2, 2025, the defendant possessed a loaded firearm. Even after being convicted of a violent offense, and being given the opportunity for early release, he was not deterred from committing additional crimes, including arming himself with an illegal loaded firearm in the community.

## **CONCLUSION**

For the foregoing reasons and given the assessment of all relevant factors, the government respectfully submits that no condition or combination of conditions will reasonably assure the appearance of the defendants as required, nor the safety of the community in this case. Accordingly, the government respectfully requests that the Court grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

Jeanine Pirro
United States Attorney

By:             /s/
Daniel Seidel
Assistant United States Attorney
CO Bar Number 41521
Daniel.Seidel@usdoj.gov
U.S. Attorney's Office for the District of Columbia
601 D Street NW, Washington, D.C. 20530