**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 25-000201-M |
| MICHAEL DAVID TAYLOR, | : | |
| Defendant. | : | |

**CORRECTED MOTION FOR RELEASE TO THIRD PARTY CUSTODY**

Comes now, MICHAEL DAVID TAYLOR, through his court-appointed attorney, Anthony

D. Martin and moves for a review of his pre-trial detention status and release to third party

custody pursuant to §3142(b)for the reasons set forth below.

### *Procedural Posture*

Mr. Taylor was arrested on September 3rd, 2025 and presented before Magistrate Zia M.

Faruqui on September 18th, 2025 for a detention hearing.   He has been detained from the date

of his arrest to the present at the District of Columbia Detention Facility (hereinafter DC

DOC) in Southeast Washington DC.   A detention hearing is scheduled for Monday September

29th /2025 at 11:00 AM in Courtroom 4 before Magistrate Judge Zia M. Faruqui

### *Background Information*

Mr. Taylor is a citizen of the United States.  At the time of his arrest, he was living with

his mother in Washington DC.   He was enrolled in a job training program with a

prospective salary of thirty-two dollars per hour and advises that his position is still

available should the court see fit to release him pending trial. In terms of potential third party custodians, Mr. Taylor currently has two candidates for consideration.

The first is Mr. Taylor's uncle, Mark Fowler (202-361-8412). Mr. Fowler has indicated that he is willing to act as third party custodian, should the court see fit to release Mr. Taylor with conditions. Mr. Fowler is a supervisor at CNC Meat Packing and is amenable to being vetted and complying with all conditions of Mr. Taylor's release. He also is prepared to ensure Mr. Taylor's compliance with all conditions of release.

Mr. Fowler's lives in a stable household and is amenable to having his home inspected, per Pre-Trial Services Protocol. Mr. Fowler has advised that if Mr. Taylor is released under his supervision, Mr. Taylor would have his own room. Mr. Fowler's is also amenable to complying with any electronic monitoring requirement in his home, to assure the safety of the community as well as Mr. Taylor's appearance for all future hearings and his trial.

The **second consideration** is the program *Voices for a Second Chance*. Mr. Taylor's acceptance into the program would depend upon his successfully completing a vetting program. The vetting requires his being interviewed by a social worker and acceptance into the program)

### *Argument*

**HIS UNCLE'S WILLINGNESS TO ACT AS THIRD-PARTY CUSTODIAN, COUPLED WITH ELECTRONIC MONITORING REASONABLY ASSURES MR. TAYLOR'S APPEARANCE AT TRIAL.**

### A. There is No Evidence to Support An Argument That Mr. Taylor is a Flight Risk.

Pursuant to 18 USC §3142(b), in determining the issue of bail, a judicial officer may only impose conditions which reasonably assure the appearance of a defendant. For purposes of the Bail Reform Act, the standard for ensuring appearance is a **reasonable likelihood**, not an

absolute guarantee of appearance. ***See, e.g.*** *United States v. Himler*, 797 F.2d 156, 161-162 (3rd Cir. 1986). Because there is a statutory presumption favoring release of the defendant on his own personal recognizance or upon the execution of an unsecured appearance bond, the Government must prove, by a preponderance of the evidence, that the defendant presents a risk of flight. *See* 18 USC §3142(b); *United States v. Friedman*, 837 F.2d 48, 49, (2d Cir. 1988) (stating government's burden of proof in risk of flight cases is preponderance of the evidence standard); *United States v. Berrios-Berrios*, 791 F.2d 246, 250, (2d Cir. 1986) (Bail Reform Act recognizes "traditional presumption favoring pretrial release for most defendants); *see also United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (finding Bail Reform Act's silence as to appropriate evidentiary standard in risk of flight cases indicates preponderance of the evidence standard). Although the defendant has been charged with a crime enumerated at 18 USC §922(g), the presumption that he is a flight risk is considerably diminished with the aforementioned combination of conditions.

### *Conclusion*

The likelihood of Mr. Taylor fleeing to avoid prosecution is remote given the fact that the government has no evidence to date to show that he has the means, resources or intent to flee. Moreover, the willingness of his uncle to act as third party custodian, the requirement that he be subject to electronic monitoring, and the willingness of his employer to re-hire him is more than adequate to ensure Mr. Taylor's appearance pending trial.

### *Prayer*

**WHEREFORE**, the Defendant respectfully requests that he be released to his uncle, who is willing to act as a third-party custodian and comply with any condition or combination of conditions to reasonably assure Mr. Taylor's appearance.

Respectfully submitted,
ANTHONY D. MARTIN


By:_____/S/_____
Anthony D. Martin, 362-537
CAPITAL OFFICE PARK
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
(301) 220-3700)

*Attorney for Michael David Taylor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing MOTION FOR REVIEW OF PRE-TRIAL DETENTION AND RELEASE TO THIRD PARTY CUSTODY was sent electronically on the date appearing below to:

**Daniel Seidel, AUSA**
Assistant United States Attorney
US Attorney's Office for the District of Columbia
Patrick Henry Building
601 D Street NW
Washington, DC 20530

**Anthony F. Scarpelli, AUSA**
Assistant United States Attorney
US Attorney's Office for the District of Columbia
Patrick Henry Building
601 D Street NW
Washington, DC 20530


On this Friday, September 26, 2025


By:    /s/ Anthony D. Martin_____
ANTHONY D. MARTIN, 362-537

4