**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 1:25-CR-316-ACR** |
| | : | |
| **MICHAEL TAYLOR,** | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

On March 10, 2026, Defendant Michael Taylor ("Defendant") pleaded guilty to Count 1 of a two-count superseding information, charging him with Fleeing from a Law Enforcement Officer in a Motor Vehicle, in violation of D.C. Code 50-2201.05b(b)(1). The Court set sentencing for March 24, 2026, and ordered the parties to submit sentencing memoranda regarding whether the Defendant should receive 1 year of supervised release as part of his sentence.

### FACTUAL BACKGROUND

On September 2, 2025, at about 8:45pm, officers with the Metropolitan Police Department and other federal law enforcement agencies were traveling in the 1400 block of Howard Road SE when they observed a vehicle travelling at a high rate of speed and attempted to contact the vehicle. The driver of the vehicle attempted to flee from them as the officers gave pursuit leading to the parking lot of an apartment building at 2850 Douglas Place SE.

There, law enforcement officers observed the driver, later identified as Michael Taylor, the Defendant, exit the vehicle and flee on foot through the parking lot. As the Defendant was running, law enforcement saw him discard a firearm over a fence. The Defendant was arrested shortly after, and the firearm, a black Glock 30 Gen 5, serial number CCRV225, was recovered near the fence. Body worn camera footage showed the magazine for the same firearm directly adjacent to the

1

Defendant when he was arrested. The firearm was loaded, with one round in the chamber. Additionally, there were eight rounds in the magazine.

DNA was collected from the firearm and magazine and submitted to the U.S. Army Criminal Investigation Laboratory for comparison with DNA obtained from a buccal swab of the Defendant. A DNA mixture was detected for swabs taken from both the firearm and the magazine. The DNA mixture from the firearm was interpreted as originating from five individuals, while the DNA mixture from the magazine was interpreted as originating from three individuals. The Defendant was excluded as a contributor to the interpretable results for the mixtures from both the firearm and the magazine.

In DC Superior Court case 2009 CF3 008596, the defendant was convicted and sentenced on October 19, 2010, for the following offenses:

| Criminal Offense | Sentence |
|---|---|
| Count 3: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, consecutive to counts 4, 5, 6, 7, |
| Count 4: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 5: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 6: Assault With A Dangerous Weapon (Pistol) | 24 months, with 3 years of supervised release, |
| Count 7: Assault with Significant Bodily Injury | 24 months, with 3 years of supervised release, |
| Count 10: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 11: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 12: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 13: Possession of a Firearm During Crime of Violence | 60 months, with 3 years of supervised release |
| Count 14: Carrying a Pistol Without a License - Outside Home/Business | 28 months, with 3 years supervised release, concurrent with counts 15, 16, 17, 18, 19, |
| Count 15: Possession of Unregistered Firearm | 1 year |
| Count 16: Unlawful Poss Ammunition | 1 year |
| Count 17: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 18: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 19: Assault With A Dangerous Weapon (Vehicle) | 48 months, with 3 years of supervised release |
| Count 20: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, concurrent with counts 21, 22, 23 |

| | |
|---|---|
| Count 21: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, |
| Count 22: Assault On A Police Officer While Armed (Vehicle) | 60 months, with 5 years of supervised release, |
| Count 23: Flee Law Enforcement Officer | 24 months, with 3 years of supervised release, concurrent with all others |
| Count 24: Reckless Driving | 90 days |
| Count 25: Carrying a Pistol Without a License - Outside Home/Business | 28 months, 3 years supervised release |
| Count 26: Possession of Unregistered Firearm | 1 year |
| Count 27: Unlawful Poss Ammunition | 1 year |
| Count 28: Possession of a Controlled Substance (Marijuana) - Misdemeanor | 30 days |

In total, the defendant received a sentence of 240 months (20 years) of incarceration in 2009 CF3 8596. However, on July 18, 2025, following his petition to reduce his sentence under the Incarceration Reform Amendment Act (IRAA), D.C. Code § 24-403.03, the remainder of defendant's sentence was suspended upon the successful completion of five years of probation. The defendant was released from the Bureau of Prisons as of July 23, 2025. Notably, on the same day, the defendant acknowledged receipt of a Gun Offender Registration and Certification Order.

The instant events took place only 41 days after the Defendant's release from prison.

### **Supervised Release is Appropriate**

The Court should impose a one-year term of supervised release as part of the Defendant's sentence. Supervised release will promote deterrence, protect the public, and assist the Defendant in successfully transitioning back into the community following his custodial sentence.

First, the circumstances of the offense demonstrate the need for continued monitoring after the Defendant's release. The Defendant fled from law enforcement officers in a motor vehicle and then attempted to evade arrest on foot. Such conduct posed a significant risk to the pursuing officers and to members of the public in the surrounding area. Supervised release will ensure that the Defendant remains accountable following his release and complies with conditions designed to reduce the likelihood of similar dangerous conditions in the future.

Second, a term of supervised release will promote respect for the law and deter future criminal conduct. The Defendant's decision to flee from police rather than comply with lawful commands reflects a serious disregard for law enforcement authority. This is especially egregious because the Defendant was previously convicted of two counts of assault on a police officer and fleeing from a law enforcement officer. A period of supervised release will reinforce the importance of compliance with the law and provide an additional mechanism to deter the Defendant from engaging in further criminal activity.

This need for supervision is particularly evident here because the Defendant committed the instant offense only forty-one days after being released from prison. The extremely short time between the Defendant's release and the instant offense demonstrates that continued monitoring through supervised release is necessary to deter future misconduct and protect the public.

Finally, supervised release will assist the Defendant's successful reintegration into the community. Supervision by the United States Probation Office can provide structure and oversight as the Defendant reenters society following his sentence. Conditions of supervision will help ensure that the Defendant remains law-abiding, while also providing guidance and support during the reentry process.

At the change of plea hearing, counsel for the Defendant argued that a term of supervised release was unnecessary because the Defendant was already subject to the supervision of the D.C. Superior Court. But the existence of another supervisory authority does not eliminate the need for federal supervision in this case, especially because the Defendant committed the instant offense only forty-one days after being released from prison and placed on probation in Superior Court, demonstrating that additional oversight is warranted. Moreover, the Defendant himself expressed a desire to change during the change-of-plea hearing, and defense counsel represented that Hon. J.

Faruqui is willing to assist the Defendant in his efforts to reintegrate into the community. A term of supervised release would reinforce those efforts by ensuring that the Defendant remains accountable and by providing structured support through the United States Probation Office as he works toward lawful and productive reentry.

## **CONCLUSION**

For these reasons, a one-year term of supervised release is appropriate and reasonable component for the Defendant's sentence, and the United States respectfully respect that the Court impose the term.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  */s/ Sarah Akhtar*
SYEDA SARAH AKHTAR
Assistant United States Attorney
District of Columbia
Maryland Bar
601 D Street, NW
Washington, DC 20530
syeda.akhtar@usdoj.gov